UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| BARBARA MELTON, | ) |
| | ) |
| Petitioner, | )   Civil Action No.  6: 05-633-DCR |
| | ) |
| V. | ) |
| | )   **MEMORANDUM OPINION** |
| DEBORAH HICKEY, Warden, | )   **AND ORDER** |
| | ) |
| Respondent. | ) |

\*\* \*\* \*\* \*\* \*\*

## INTRODUCTION

On November 10, 2005, Petitioner Barbara Melton filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. The Petitioner states that she is presently confined at the Federal Prison Camp in Alderson, West Virginia [Record No. 1]. She has paid the $5.00 district court filing fee. This matter is before the Court for screening. 28 U.S.C. § 2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

The Court holds *pro se* petitions to less stringent standards of pleading than those drafted by attorneys. *Cruz v. Beto*, 405 U.S. 319 (1972). During initial screening, allegations in a *pro se* petition are assumed to be true and are liberally construed in the petitioner's favor. *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Nonetheless, the Court has the authority to dismiss a case at any time if it determines that the action (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2).

**BACKGROUND**

Judgment was entered against petitioner in this Court on January 30, 2004. Melton was convicted of possession of a controlled substance and unlawful transportation of firearms. *United States v. Barbara Melton*, 03-CR-00004-DCR [Record No. 91]. The respondent is Deborah Hickey, the Warden of the Federal Prison Camp in Alderson, West Virginia.

In essence, Petitioner asks this Court's to conclude that the Bureau of Prison's (BOP) Program Statement 5162.07(7) improperly and arbitrarily classifies all convictions for possession of a firearm as a "crime of violence." Because Petitioner was convicted of such an offense, BOP's designation prevents her from participating in the 500-hour substance abuse treatment program. The completion of this program could reduce the amount of time she must serve under her sentence by up to one year. 18 U.S.C. §3621(e)(2)(B); 29 C.F.R. §550.58. Melton acknowledges that she has neither invoked nor exhausted the BOP's grievance procedure with respect to this claim, but asserts that her case falls within one of the exceptions to the exhaustion doctrine.

**DISCUSSION**

This Court lacks jurisdiction over Petitioner's §2241 petition. A federal prisoner may file a §2241 petition challenging the execution or manner in which his or her sentence is served only in the district having jurisdiction over the prisoner's custodian. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). Here, the Petitioner is confined at the Federal Prison Camp in Alderson, West Virginia. Accordingly, the Court lacks jurisdiction over the Petitioner's custodian, Warden Deborah Hickey. Instead, the United States District Court for the Southern District of West Virginia has jurisdiction over the Respondent. *White v. Lamanna*, 42

Fed.Appx. 670, *671, 2002 WL 857739, **1 (6th Cir.(Ohio) May 3, 2002) (unpublished disposition).

Because venue is not proper in this district, the Court must determine whether the appropriate remedy is dismiss the case entirely, or merely transfer this proceeding to the appropriate court:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. §1406(a). The petition should have been filed in the Southern District of West Virginia, Beckley Division, which is the district where the venue is appropriate. The Court finds that the interests of justice are best served by transferring the case to the United States District Court for the Southern District of West Virginia.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Southern District of West Virginia.

This 2nd day of December, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge